## PIERO, Admr v OHIO EDISON COMPANY

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 18, 1932

John B. Morgan, Youngstown, and Earl D. Haefner, Youngstown, for plaintiff in error.

Harrington, Huxley & Smith, Youngstown, for defendant in error.

ROBERTS, J.

These facts, which are substantially undisputed, raise the proposition for determination as to what duty the defendant company owed to this boy under these circumstances. A leading case upon this subject is **Railroad Company v Harvey, 77 Oh St, 235.** Also decided with that case is the case of Swarts v The Akron Water Works Company. The syllabus reads as follows:

"1. It is not the duty of an occupier of land to exercise care to make it safe for infant children who come upon it without invitation but merely by sufferance.

2. A railroad company is not liable to an infant who comes upon its premises without invitation and who is injured there while playing, without its knowledge, with a turntable. The doctrine of the turntable cases is disapproved. **Harriman v Railroad Company, 45 Oh St, 11,** distinguished.

3. A water works company is not liable for the death by drowning of an infant who comes upon its land without invitation and there falls into a reservoir or basin of water while playing about it without the knowledge of the company."

The Harvey case was what is known as a "turntable case," and it was in the decision in this case that the Supreme Court disapproved the former rulings or decisions concerning turntable cases, which had been denominated "attractive nuisances." This accident occurred at Kent in Portage County, where the railroad company upon its right of way and in connection with its tracks had a turntable. Three boys walking along the railroad track, looking for some pieces of iron suitable for some exhibitions in which they were interested, came to this turntable, became interested in it and attempted to manipulate it, with the result that the boy Harvey was injured. The other case was one in which a little child fell into a pond, and involved a similar proposition of law as the Harvey case. On page 240, in the opinion, it is said:

"Whether any and what duty rested upon the defendant is a question of law, whether the defendant performed or observed that duty, or neglected to do so, and plaintiff in consequence was injured, is a question of fact.

The duty of the owner or occupier of land to persons coming upon it depends somewhat upon whether they are there by his invitation or permission. To invited persons it is his duty to exercise reasonable care for their safety; to licensees it is his duty to give notice of hidden dangers or traps, while trespassers, that is, persons entering-without permission, assume the risk of injury from the condition of the premises and the duty of the occupier to them is only to be careful not to injure them by bringing force to bear upon them."

Giving attention now to the case of **Hannan, Admr. v Ehrlich, 102 Oh St, 176:**

"In a petition claiming damages for negligence an allegation that a sand bank is operated upon a portion of the defendant's premises and that the children of the neighborhood were accustomed to use said premises for the purpose of a play ground and that defendant 'permitted, allowed and acquiesced' in such use, will not be construed as an invitation either express or implied.

The words 'permitted, allowed and ac-

quiesced' imply no inducement, allurement or enticement, and should be construed as creating the relation of licensor and licensee.

Actionable negligence exists only where the one whose act causes or occasions the injury owes to the injured person a duty created either by contract or by operation of law, which he has failed to discharge.

A licensee takes his license subject to its attendant perils and risks, and the licensor owes him no duty except to refrain from wantonly or wilfully injuring him and to exercise ordinary care after discovering him to be in peril; he should not be exposed to hidden dangers, pitfalls or obstructions.

The foregoing rule is not altered by the fact that the injured person is a child of tender years. Greater care and caution should be exercised to prevent injuries to children upon premises where dangerous active operations are carried on than upon premises containing a visibly dangerous statical condition."

In the opinion, on page 185, it is said by Chief Justice Marshall:

"The most favorable construction of this allegation of the petition would create the boy a licensee and not an invited person. The duty of the defendant in this case must depend upon the meaning of the words 'permitted, allowed and acquiesced' and whether that allegation constitutes plaintiff's decedent an invited person or a licensee. If a person goes upon lands of another by permission and acquiescence for his own pleasure or convenience and not by invitation, he is classed as a licensee and exercises the license with the attendant risk and danger."

Now, it is pertinent to remember in this case that the issue simply involved the proposition as to whether or not the petition stated a cause of action. Again, it is said:

"The authorities are in perfect harmony as to the duty owing to a licensee, and it may be generally stated that a licensee takes his license subject to its attendant perils and risks, that the licensor owes him no duty except to refrain from wantonly or wilfully injuring him, and that he should exercise ordinary care after discovering him to be in peril. Included in the foregoing rule there should be the further statement that the licensee should not be exposed to hidden dangers, pitfalls or obstructions."

Another case which has been brought to the attention of the court is that of **Sharp Realty Company v Forsha, 122 Oh St, 368.** This was a case where the accident occurred in the city of Columbus. The defendant operated and controlled a building, the rear end of which abutted upon a street or alley, and immediately in the rear of the building was a concrete loading platform some two feet in width. Inside of the door leading from the loading platform was an elevator used for conveyance of freight in the building. At the time of the accident the elevator was elevated to some higher floor, and the steel door which usually closed the opening was open, also a wooden door which was usually in place to protect against the door when the elevator was not there. There was no one operating it and no one present to close the opening. In this case a boy about nine years of age climbed upon the loading platform, went into the building and fell into the elevator shaft. There was no evidence in this case that boys had ever been permitted to or had played about or been within the building. It was indicated that they had to some extent, other boys in any event, played upon the adjacent street. The Common Pleas Court in this case directed a verdict in favor of the defendant. The Court of Appeals reversed the Court of Common Pleas, and the Supreme Court reversed the holding of the Court of Appeals and affirmed the judgment of the Court of Common Pleas, that under the circumstances involved in that case the owners of the premises were not liable. In this case it is said:

"Admitting full proof of such facts, that is, that children had played about the rear of the building and had been at one time chased away by the janitor, this does not show more than a use of the alley and does not show the presence of children inside of the building or on the premises of the owner."

Numerous cases have been cited by counsel for the plaintiff in error, which, however, were largely or to a considerable extent not involving the liability or duty of the owner of the premises located not upon public grounds.

The last case cited and perhaps the most recent one by the Supreme Court is that of **Coy v Electric Company, 125 Oh St, 283:**

"Where statical condition of premises is

made perilous by active and negligent operation of apparatus thereon by owner, liability arises for resulting injury.

In action for injuries sustained by child through contact with electric transformer, allegations of petition held to state cause of action.

Where the statical condition of premises is made perilous by the active and negligent operation of apparatus thereon by the person owning or controlling the same, a liability arises for injury resulting therefrom.

A petition alleging, in substance, that a company maintains and operates an electrical transformer, charged with a powerful and dangerous electric current, situated and in active operation upon premises continuously frequented by children for a number of years, with the knowledge of such company, and further, that such company failed to keep in repair a picket fence surrounding such transformer, but allowed the railings of the same to rot and decay, and the pickets to become loose, thereby leaving openings in such fence large enough for persons to enter, and that a child coming in contact with such transformer was injured, states a cause of action."

This also was a decision determining whether or not the petition stated a cause of action, and it will be observed that the allegations of the petition and which under a demurrer were considered to be true, presented an entirely dissimilar set of conditions from those involved in the present case. In the case at issue no child had ever been permtited or had attempted to frequent or go upon these premises. This proposition was held good where children had been permitted continually to frequent the premises with the full knowledge of the company. A railing tending to protect from machinery had become out of repair, rotten defective and not sufficient for the intended purpose. This Coy case, therefore, does not indicate that the Supreme Court is not standing consistently upon its former decisions, several of which have been cited, as to the duty which the owner of such premises owes to a mere licensee. It must be and is conceded in this case that this boy was only a licensee. If liability devolves upon the owner under the facts in this case, then it is practically reducing the proposition involved to this, if an accident happened upon premises of this nature, then the owner thereof is liable, especially if it be children of tender years,

because it can not be claimed but what this company exercised all reasonable care in this structure upon its own land, where no one else had a right to go, to protect it from the public, and these boys were only able to gain access thereto, each one assisting the other by holding these barbed wires apart and crawling through the fence and thus getting into a position of danger which fatally resulted to the boy Piero. Such is clearly not the attitude of the Supreme Court upon conditions such as are involved in this case. The owners had no knowledge that boys had ever been there, and of course did not approve or countenance their presence or in any way permit or recognize any right to be there. Presumably boys of his age would realize that that was a place where they had no right to go. These boys had no greater right than a licensee trespassing upon the premises, which the owner had made every suitable and proper effort to protect the public from, and it follows that the Court of Common Pleas did not err in directing a verdict and the judgment of the court below is affirmed.

FARR and POLLOCK, JJ, concur in the judgment.